**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THE MORGAN LAW GROUP** | * | **CIVIL ACTION NO.:** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **MATTHEW AVERILL, BRIAN G.** | * | |
| **REANEY, II, AND AVERILL &** | * | **MAGISTRATE:** |
| **REANEY, COUNSELORS AT LAW,** | * | |
| **LLC** | * | |
| *Defendants* | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE EASTERN DISTRICT OF LOUISIANA
       Hale Boggs Federal Building
       500 Poydras Street
       New Orleans, Louisiana 70130

NOW INTO COURT, through undersigned counsel, come Defendants, Matthew Averill, Brian G. Reaney, II, and Averill & Reaney Counselors at Law, LLC ("Defendants"), who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of this case from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Removal is proper under 28 U.S.C. § 1441(b)(2) because complete diversity exists among the parties and no Defendant has been served. *In re Levy*, 52 F.4th 244 (5th Cir. 2022); *Texas Brine Co., LLC v. American Arbitration Assoc., Inc.*, 955 F.3d 482 (5th Cir. 2020).

Defendants file this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, peremption, and no cause of action. The grounds for removal are as follows:

## I. STATEMENT OF THE CASE

1.    On July 12, 2023, The Morgan Law Group, P.A. ("Plaintiff") filed a Petition for Preliminary and Permanent Injunction and Request for Temporary Restraining Order in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, in the case captioned *The Morgan Law Group v. Matthew Averill, Brian G. Reaney, II, and Averill and Reaney Counselors at Law, LLC* ("State Court Action"). Suit No. 2023-13560, Division C. As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders" in the State Court Action— which currently consists only of the Petition, with exhibits—is attached hereto as **Exhibit A.**

2.    Defendants have not been served with the Petition in the State Court Action.

3.    Plaintiff is a Florida-based "professional legal corporation" whose action arises out of Defendants Matthew Averill's and Brian G. Reaney, II's former employment with Plaintiff, their resignation from their employment with Plaintiff, and the formation of their own law firm, Averill & Reaney Counselors at Law, LLC. (Petition at ¶¶ 3–5).

4.    Plaintiff's Petition seeks to permanently enjoin Defendants from "contacting the Louisiana clients of the Morgan Law Group with which they have no significant client or personal contacts"; "making misleading communications to its Louisiana clients"; and "using the data they extracted from The Morgan Law Group case management database prior to their resignation from the Morgan Law Group." (Petition at ¶¶ 19–21).

5.    Plaintiff's Petition separately requests a temporary restraining order and preliminary injunctive relief, without bond, alleging that Plaintiff is suffering from irreparable injury, loss, or damage. (Petition at ¶¶ 23–25).

6.      Defendants have yet to be served with process and did not file responsive pleadings in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with the applicable legal delays pursuant to the Federal Rules of Civil Procedure.

## II. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.      The basis for the Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a). Complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A.      *Complete diversity exists between the parties.*

8.      The Petition alleges that Plaintiff is "a professional legal corporation with a principal place of business in Coral Gables, Florida." (Petition at p. 1). Plaintiff The Morgan Law Group, P.A. is registered with the Florida Secretary of State as a "Florida Profit Corporation." *See* **Exhibit B.**

9.      A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Because Plaintiff is incorporated in Florida and has its principal place of business in Florida, it is a citizen of Florida.

10.     Defendants Matthew Averill and Brian G. Reaney, II are both Louisiana citizens domiciled in St. Tammany Parish. *See* Exhibit A at 1; *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citizenship of an individual is synonymous with his domicile).

11.     The citizenship of a limited liability company "is determined by the citizenship of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Mr. Averill and Mr. Reaney are the only members of Averill & Reaney Counselors at Law, LLC, and both are Louisiana citizens. Averill & Reaney Counselors at Law, LLC is therefore a Louisiana citizen.

12.     Because Plaintiff is a Florida citizen and all Defendants are Louisiana citizens, complete diversity exists.

B.      *The amount in controversy exceeds $75,000.00, exclusive of interest and costs.*

13.     A federal district court enjoys diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In the Fifth Circuit, a removing defendant may demonstrate the requisite amount in controversy "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth the facts in controversy preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

14.     Where, as here, the original action seeks only declaratory or injunctive relief, the amount in controversy is "measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id.*

15.     The object of the litigation here is several hundred property damage claims, many of which individually exceed $75,000 in value. The litigation seeks to prevent Defendants from contacting previous clients, and through a Court order, to ensure that Plaintiff does not lose all or a portion of the legal fees it anticipates recovering from those clients' claims, the total sum of which far exceeds $75,000.00. *See* Exhibit C.

16.     Utilizing methods that will be explained in the litigation of this matter, The Morgan Law Group was able to rapidly generate and retain large amounts of Hurricane Ida clients. So rapid

was The Morgan Law Group's generation of Hurricane Ida clients that, at the time of Mr. Averill and Mr. Reaney's departure, they were together responsible for handling over 500 claims and, as a result, had not yet had opportunity to develop "significant client or personal contacts" with approximately 75 to 100 of the "Louisiana clients of The Morgan Law Group" whose claims arose from Hurricane Ida. *See* Exhibit C.

17.     Plaintiff's internal calculations and projections reveal that it expects to, and in fact, does, average approximately $15,000.00 in attorney's fees for each client with a Hurricane Ida claim. Therefore, Plaintiff's injunction seeking to prevent the Defendants from speaking to and retaining approximately 75 to 100 clients is thereby seeking to protect its rights to more than $1,000,000.00 in attorneys' fees. *See* Exhibit C.

18.     Plaintiff alleges that Defendants' actions will cause it to suffer (a) irreparable and permanent harm to its representation of its Louisiana clients, (b) irreparable and permanent harm to its business reputation, and (c) expose it to legal liability. (Petition at ¶ 15). The facts stated above demonstrate that alleged damages to Plaintiff far exceed $75,000.

19.     From Defendants' perspective, the injunctive relief requested would effectively preclude Defendants from representing somewhere between 75 to 100 Hurricane Ida claimants who could retained them to handle their hurricane property damage claims. Such an injunction precludes Defendants from the opportunity to earn far more than $75,000.00 in attorneys' fees.

20.     Additionally, Plaintiff does not allege that the amount in controversy is below $75,000, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

21.     Although Defendants do not concede liability or any element of Plaintiff's claims, Defendants submit that, based on the allegations in Plaintiff's Petition, the facts and evidence

submitted by Defendants herein, and the absence of any assertion by Plaintiff that their damages are below the $75,000, Defendants have shown by a preponderance of the evidence that the amount in controversy threshold under 28 U.S.C. § 1332(a) is satisfied.

### III. DEFENDANTS HAVE SATISFIED ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

*A.     The Notice of Removal is timely.*

22.     Plaintiff filed the State Court Action on July 12, 2023. Defendants obtained the Petition via the 22nd Judicial District Court's electronic records system on July 14, 2023. No Defendant has been served with the Petition in the State Court Action.

23.     This Notice of Removal is filed within thirty (30) days of Defendants' receipt of the Petition in accordance with 28 U.S.C. § 1446(b)(1).

24.     Defendants filed this Notice of Removal within one year of the commencement of the State Court Action and, therefore, the filing of this Notice of Removal is timely under 28 U.S.C. § 1446(c)(1).

25.     No previous application for removal has been made.

*B.     The requirements of 28 U.S.C. 1446 have been or will be satisfied.*

26.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders" in the State Court Action—which currently consists only of the Petition, with exhibits—are attached as **Exhibit A.**

27.     Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal, with exhibits, is being served on Plaintiff, and, separately, a copy of the Notice of Removal will be filed with the Clerk of Court of the 22nd Judicial District for the Parish of St. Tammany, State of Louisiana.

28.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Eastern District of Louisiana is the federal judicial district

embracing the 22nd Judicial District for the Parish of St. Tammany, State of Louisiana where the State Court Action was originally filed.

29.     Pursuant to Local Rule 3.2, Defendants file with this Notice of Removal, or will within 14 days of its filing file: (a) a list of all parties remaining in the action; (b) copies of all pleadings, including answers, filed in state court; and (c) copies of the return of service of process filed in state court on those parties.

30.     Defendants request a trial by jury on all issues.

31.     Defendants reserve the right to amend or supplement this Notice of Removal as necessary.

## IV. LIST OF PARTIES REMAINING IN ACTION

32.     Plaintiff, The Morgan Law Group, P.A.

33.     Defendant, Matthew Averill

34.     Defendant, Brian G. Reaney, II

35.     Defendant, Averill & Reaney Counselors at Law, LLC

Respectfully submitted,

*/s/ Alex T. Robertson*                                          */s/ Kristen D. Amond*

Brian P. Marcelle (La. Bar No. 25156)         Kristen D. Amond (La. Bar No. 37011)
Alex T. Robertson (La. Bar No. 37285)        **Kristen Amond LLC**
Jacques C. Mestayer (La. Bar. No. 37230)     3640 Magazine Street
**Marcelle Robertson Mestayer LLC**          New Orleans, LA 70115
650 Poydras St. Ste 2720                       Phone: (504) 556-5523
New Orleans, LA 70130                           Fax:     (504) 556-5523
Phone: (504)910-6220                            kristen@amondlaw.com
Fax:     (504)910-6800
brian@mrmlaw.com                               *Counsel for Defendants*
alex@mrmlaw.com
jacques@mrmlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2023 the foregoing Notice of Removal, with exhibits, was sent via United States Mail, postage prepaid, to:

The Morgan Law Group, P.A.
*Through its counsel of record*
Douglas R. Kraus
Brener & Kraus, LLC
1627 St. Charles Avenue
New Orleans, LA 70130

_____*/s/ Alex T. Robertson*_____