UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE MORGAN LAW GROUP                                         CIVIL ACTION

VERSUS                                                       NO. 23-2530

MATTHEW AVERILL, ET AL.                                      SECTION: D (2)

ORDER

On July 18, 2023, Plaintiff The Morgan Law Group, P.A. filed an Amended Complaint for Preliminary and Permanent Injunction and Request for Temporary Restraining Order.[1] The Amended Complaint largely restates the Plaintiff's state court Petition but seeks to add The Morgan Law Group of Louisiana, LLC as an additional plaintiff. Federal jurisdiction in this matter in based on diversity jurisdiction, 28 U.S.C. § 1332. The Amended Complaint lacks sufficient information regarding The Morgan Law Group of Louisiana, LLC's citizenship.[2] Specifically, Plaintiff refers to The Morgan Law Group of Louisiana, LLC as a "professional legal corporation" despite the inclusion of LLC, or limited liability company, in that entity's name. Needless to say, a limited liability *company* is not a professional legal *corporation*. If The Morgan Law Group of Louisiana, LLC is indeed a corporation, Plaintiff must allege the corporation's place of incorporation *and* its principal place of business, which Plaintiff failed to do.[3] If, however, The Morgan Law Group of Louisiana, LLC is a limited liability company, as its name implies, Plaintiff must name and allege the citizenship of each of the members of the limited

---

[1] R. Doc. 5.
[2] *Id*. at ¶ 2.
[3] 28 U.S.C. § 1332(c)(1).

liability company in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[4] Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction in this matter. The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.

The Court further notes that Plaintiff failed to comply with Federal Rule of Civil Procedure 7.1, which provides, in pertinent part, the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
> (A) when the action is filed in or removed to federal court, and
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).[5]

Rule 7.1 further provides that a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."[6]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have **one (1) day** from the date of this Order to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2) and to file a comprehensive amended Complaint, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The comprehensive amended pleading shall include all of Defendant's

---

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[5] Fed. R. Civ. P. 7.1(a)(2).
[6] Fed. R. Civ. P. 7.1(b)(1).

numbered allegations, as revised, supplemented, and/or amended, which will become the operative Complaint in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED** that a Status Conference be held in this matter in person in courtroom C352 on **Wednesday, July 19, 2023** at **2:00 p.m. cst.**

**Failure to comply with this Order may result in the remand of this matter to state court.**

New Orleans, Louisiana, July 18, 2023.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**